461 S.E.2d 124

**Sandra BRESSLER, Plaintiff Below, Appellee,**

v.

**MULL'S GROCERY MART, Defendant Below, Appellant.**

No. 22343.

Supreme Court of Appeals of West Virginia.

Submitted May 3, 1995.

Decided July 19, 1995.

Appellee's jury award resulted from a slip and fall incident that occurred on July 29, 1989, on Appellant's premises. Appellee instituted a complaint predicated on negligence against Appellant on July 25, 1991, in which she sought recovery for past and future medical expenses, pain and suffering, public embarrassment, mental anguish, and stress. At the conclusion of the two-day jury trial on August 12, 1992, the jury found Appellant to be 75% liable and Appellee 25% percent liable. The jury awarded damages to Appellee in the amount of $53,500. Of that amount, $20,000 was designated for future medical expenses.

On August 14, 1992, the circuit court entered a judgment order, awarding Appellee $40,125, consistent with the jury's finding of contributory negligence. Appellee filed a motion seeking additur or alternatively, a new trial on the issue of future medical damages on August 24, 1992. The amount sought was $33,827.80, the exact difference between the amount of future medical expenses testified to by Appellee's expert witness ($53,827.80) and the amount actually awarded by the jury ($20,000). In support of her additur motion, Appellee asserted that Appellant failed to contest the evidence she presented on the issue of future medical expenses at trial[1] and thereby conceded the reasonableness and necessity of those expenses. By order dated October 2, 1992, the circuit court granted Appellee's additur motion, and awarded her the sum of $33,827.80 minus her percentage of contributory negligence.[2]

Appellant challenges the additur award on two grounds. First, Appellant argues that the award of an additur violates the constitutional right to a jury trial. Second, Appellant maintains that the award invaded the province of the jury.

■ Appellant recognizes that an award of additur was approved by this Court in *Bostic v. Mallard Coach Co.*, 185 W.Va. 294, 406

James F. Companion, James P. Mazzone, Schrader, Recht, Byrd, Companion & Gurley, Wheeling, for appellee.

Rhonda L. Wade, Elizabeth A. Abraham, Bachmann, Hess, Bachmann & Garden, Wheeling, for appellant.

WORKMAN, Justice:

Appellant Mull's Grocery Mart seeks reversal of the December 8, 1993, order of the Circuit Court of Ohio County granting Appellee Sandra Bressler's motion for additur. Since West Virginia permits additur only when it can be definitively established that the jury made a mistake and because this case lacks such evidence, the circuit court erred in making an additur award in this case. Accordingly, we reverse the decision of the lower court and remand for a determination of whether a new trial should be granted solely on the issue of future medical expenses.

1. Appellee acknowledges that Appellant did challenge the amount she sought for future lost wages and benefits.

2. Appellee was also awarded 10% post-judgment interest on the amount of the additur before her 25% apportionment of contributory negligence was deducted.

S.E.2d 725 (1991), but maintains that an examination of the facts in that case demonstrates that such approval was expressly limited to very narrow circumstances. We agree. In *Bostic,* the jury initially returned a verdict which indicated that the plaintiff should receive a specified amount plus an unspecified amount for attorney's fees and expert witness fees. When the *Bostic* jury calculated its second verdict, it reached a sum total, but did so without information regarding the expert witness fee. *Id.* at 300, 406 S.E.2d at 731. Under the facts of *Bostic,* this Court was able to conclude that "[t]he value of the jury's first award [wa]s about $18,000 or about $3,000 more tha[n] the second award." *Id.* Under these specific facts, we held that:

> [W]hen a jury returns a verdict that lacks a total definitive amount but specifies an amount for damages and payment of specific expenses and costs, and after being directed to give a definitive sum, renders a measurably lower verdict than their first effort by virtue of the jury's failure to understand the cost of an expert witness's fee, it is appropriate for the trial court to enter an *additur* to assure that the injured party receives the damages originally awarded, or, at the election of the defendant, to order a new trial on the issue of damages alone.

185 W.Va. at 302, 406 S.E.2d at 733 and Syl.Pt. 3.

Before reaching that conclusion in *Bostic,* however, we examined the conflict between the use of additur and the constitutional right to a trial by jury. We cited the recent analysis of this issue in *Boyd v. Bulala,* 672 F.Supp. 915 (W.D.Va.1987), and noted that [i]n *Boyd,* the federal district court held that '[a]dditur is prohibited under the seventh amendment because it would require a plaintiff "to forego his constitutional right to the verdict of a jury" and accept instead an assessment "partly made ... by a tribunal which has no power to assess."

*Dimick v. Schiedt,* 293 U.S. [474] at 487, 55 S.Ct. [296] at 301 [79 L.Ed. 603] [1935].'[3] In *Dimick,* the Supreme Court examined the rules of common law established in 1791, the adoption date for the seventh amendment, and found no authority 'to increase, either absolutely or conditionally, the amount fixed by the verdict of a jury in an action at law, with certain exceptions.' *Id.* at 477, 55 S.Ct. at 297. The Supreme Court held that the jury's province is 'to determine the facts ... [and] where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict.' *Id.* at 486, 55 S.Ct. at 301. 185 W.Va. at 301, 406 S.E.2d at 732 (quoting, in part, *Boyd,* 672 F.Supp. at 921) (alterations in original).

The *Boyd* court discussed at length the historical significance of the jury's assessment of damages:

> [T]he determination of liability and the assessment of damages are both questions which the common law reserved for the jury. At common law, a party had a right to have a jury determine the severity of the injury through an assessment of damages. Under the seventh amendment, this right is preserved.
>
> . . . .
>
> The seventh amendment rests on pragmatic considerations about the outcome of litigation. The guarantee provided by the amendment is, quite simply, the possibility of procuring a different result by choosing a jury trial. To be meaningful, the amendment must protect the ability of the jury to make a difference in the outcome of the trial. Clearly, the determination of damages is one of the principal ways by which the jury affects the result of a case. The assessment of damages by the jury falls squarely within the protection of the seventh amendment.

672 F.Supp. at 920–21.

As we further explained in *Bostic,* "[a]lthough the seventh amendment's right to

---

**3.** The seventh amendment to the *U.S. Constitution* provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

trial by jury in federal courts has not been extended to the states through the fourteenth amendment, our State *Constitution* has an analogous provision." 185 W.Va. at 301, 406 S.E.2d at 732 (citation omitted). Article III, § 13 of the West Virginia Constitution provides:

> In suits at common law, where the value in controversy exceeds twenty dollars exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved; and in such suit in a court of limited jurisdiction a jury shall consist of six persons. *No fact tried by a jury shall be otherwise reexamined in any case other than according to rule of court or law.*

W.Va. Const. art. III, § 3 (emphasis added).

It has been observed that the West Virginia and Oregon Constitutions are unique in that they expressly safeguard the verdict in addition to guaranteeing the right to a jury trial. Leo Carlin, *Remittiturs and Additurs,* 49 W.Va.L.Q. 1, 21–22 (1942); *see also Roberts v. Stevens Clinic Hosp., Inc.,* 176 W.Va. 492, 508, 345 S.E.2d 791, 807–08 (1986) (McHugh, J., dissenting) (noting that West Virginia's constitution "preserv[es] not only the right to a jury trial but also ... the fruits thereof").

■ Unlike *Bostic,* the instant case is completely lacking of any evidence to suggest that the jury intended to award Appellee an amount other than the sum reflected by its verdict. An award of additur is appropriate under West Virginia law only where the facts of the case .demonstrate that the jury has made an error in its award of damages and the failure to correct the amount awarded would result in a reduction of the jury's intended award. This case simply does not fall within the parameters of the limited scenario in which this Court has approved the use of additur. *See Bostic,* 185 W.Va. at 302, 406 S.E.2d at 733 and Syl.Pt. 3.

Appellant further argues that the circuit court's award of additur invaded the jury's province by second-guessing the jury's intended award of future medical expenses. In responding to this contention, Appellee posits that the failure of Appellant to contest the reasonableness of her expert witness' testimony regarding future medical expenses required the court to award the full amount of future medicals in conformance with her expert's testimony. Conversely, Appellant argues that the jury is not bound to accept as conclusive the testimony of an expert witness, contested or uncontested.

■ Our legal system expressly reserves for the jury "the right to weigh the testimony of all witnesses, experts and otherwise." *Tabor v. Lobo,* 186 W.Va. 366, 368, 412 S.E.2d 767, 769 (1991). We explained these principles in *Tabor,* stating that,

> the jury is to give only as much weight and credit to expert testimony as the jury deems it entitled to when viewed in connection with all the circumstances. Moreover, a jury is not bound to accept as conclusive the testimony even of an unimpeached witness. Once a witness, including an expert witness, is permitted to testify, it is within the province of the jury to evaluate the testimony, credentials, background and qualifications of the witness to address the particular issue in question. The jury may then assign the testimony such weight and value as the jury may determine.

*Id.* at 368–69, 412 S.E.2d at 769–70 (citation omitted); *accord Martin v. Charleston Area Medical Ctr.,* 181 W.Va. 308, 311–12, 382 S.E.2d 502, 505–06 (1989), *cert. denied sub nom. Leef v. Martin,* 493 U.S. 1071, 110 S.Ct. 1115, 107 L.Ed.2d 1022 (1990); *Middle West Concrete Forming and Equip. Co. v. General Ins. Co. of Am.,* 165 W.Va. 280, 287, 267 S.E.2d 742, 747 (1980).

In *Novak v. Gramm,* 469 F.2d 430 (8th Cir.1972), the court expressly rejected the basis for Appellee's contention that the trial court was obligated to grant additur to award future medical expenses in conformity with her expert witness' testimony. The plaintiff in *Novak* argued that the trial court erred in denying her motion for additur, asserting that since her expert witness' testimony on damages was "not shown by the defendants to be erroneous, the amount of damages suffered had been proven to a mathematical certainty." *Id.* at 433. Recognizing that the plaintiff's expert based his calculation of

damages on certain assumptions, the appellate court held that "[t]he jury was not bound to accept the assumptions upon which these computations were based." *Id.* Additionally, the expert witness' testimony regarding damages was "merely evidence for the jury to consider, not proof of a mathematical certainty by which they were bound." *Id.* "The jury, of course, not the economist, was the ultimate fact-finder as to each of these assumptions." *Id.* at n. 5.

Like the *Novak* plaintiff, Appellee maintains that "[t]he appellant presented no evidence or testimony to dispute either the need for, or the costs of, these future medical expenses." An examination of the record reveals that while Appellant did not put on its own expert witness to present a separate figure for Appellee's future medical expenses, Appellant did cross-examine Appellee's expert witness, Dr. Romano, regarding the issue of whether Appellee would require treatment indefinitely. In making its award for future medical expenses, the jury may have been swayed by Appellant's questioning of the indefinite nature of Appellee's need for future medical treatment.

■ Regardless of whether Appellant contested the issue of future medical expenses propounded by Appellee's expert witness, the jury is required to weigh the evidence presented to it, including that of expert witnesses, and to assess appropriate damages by attaching whatever weight and value it deems appropriate to such testimony in connection with the circumstances of the particular case. In its role as the ultimate fact-finder, the jury was entitled to reach its own conclusions based upon the evidence presented regarding the extent of the future medical treatment and associated costs required by Appellee. *See Tabor,* 186 W.Va. at 368–69, 412 S.E.2d at 769–70.

■ In granting Appellee's motion for additur and increasing the amount of the jury award for future medical expenses from $20,000 to $53,827.80, the court below was obviously operating under the mistaken notion that the absence of evidence presented on behalf of Appellant regarding the issue of future medical expenses necessitated a jury award equivalent to the amount sought by Appellee. Like a finding of liability, an award of damages, is a factual determination reserved for the jury. *See Dimick,* 293 U.S. at 486, 55 S.Ct. at 301. Under the facts of this case, the circuit court's award of additur clearly invaded the jury's province.

■ Because the trial court did, however, in its order of December 8, 1993, make a finding of jury error regarding the award of future medical expenses to Appellee, we deem it necessary to remand for a determination of whether a new trial is warranted on this sole issue. Specifically, we remand for a determination of whether the trial court's finding was predicated on a determination that the jury award of future medical expenses was inadequate as a matter of law. *See Linville v. Moss,* 189 W.Va. 570, 433 S.E.2d 281 (1993) (discussing Type 4 classification of inadequate damage awards under *Freshwater v. Booth,* 160 W.Va. 156, 233 S.E.2d 312 (1977), analysis). We caution, however, that the jury's award of future medical expenses is not inadequate as a matter of law solely because it does not conform exactly with the damage testimony of the Appellee's expert witness on this issue. Additionally, " '[i]n an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant.' Syl.Pt. 1, *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983)." *Linville,* 189 W.Va. at 572, 433 S.E.2d at 283, Syl.Pt. 2.

Based on the foregoing, the decision of the Circuit Court of Ohio County is hereby reversed and remanded to determine whether a new trial should be awarded solely on the issue of future medical expenses.

Reversed and Remanded.

FOX and BERGER, Judges, sitting by temporary assignment.

BROTHERTON and RECHT, JJ., and MILLER, Retired J., did not participate.