465 S.E.2d 866

**Rella TOOTHMAN, Plaintiff Below, Appellant,**

v.

**David Alex BRESCOACH and Arlena M. Collins, Defendants Below, Appellees.**

**No. 22730.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 27, 1995.

Decided Dec. 7, 1995.

Michael John Aloi, Manchin, Aloi & Carrick, Fairmont, for Appellant.

John Lewis Marks, Jr., Marks & Steele, Clarksburg, for Appellee David Alex Brescoach.

PER CURIAM:

Rella Toothman is aggrieved by a jury award for damages she sustained when appellee David Alex Brescoach drove into the back of the car in which she was a passenger. On appeal, Ms. Toothman alleges that the circuit court erred in denying her motion for a new jury panel, in failing to grant a new trial because of an inadequate jury award for pain and suffering and in giving jury instructions. Because we find Ms. Toothman's assignments of error are without merit, we affirm the decision of the Circuit Court of Marion County.

I

FACTS AND BACKGROUND

On October 5, 1991, Ms. Toothman, a passenger in a vehicle owned by Arlena M. Collins, was injured when Mr. Brescoach's vehicle struck the rear of Ms. Collins' car. Because his blood alcohol content was .241 at the time of the accident, Mr. Brescoach pled guilty to a charge of driving under the influence of alcohol. Mr. Brescoach testified that he had been drinking before the accident and did not see Ms. Collins' vehicle until impact. There was an allegation that Ms. Collins shared fault for the accident because her car was partially stopped on the road. Ms. Toothman's right shoulder injury was described by one examining orthopedist as a "frozen shoulder, adhesive capsulitis or impingement syndrome." Because of her injury, Ms. Toothman cannot lift her right arm above her head and because of the pain must hold her arm across her midsection.

Ms. Toothman filed suit against Ms. Collins and Mr. Brescoach. The jury panel selected to hear Ms. Toothman's suit consisted of one female and the rest males. Because Mr. Brescoach struck the female juror, the jury was all male. Ms. Toothman objected because none of the jury was female and moved for a new panel. The circuit court overruled her objection and denied the motion.

At the conclusion of the trial, Ms. Toothman submitted a set of jury instructions and each defendant below submitted a set of instructions. Ms. Toothman alleges that the circuit erred in giving both sets of defense instructions.

The jury returned a verdict finding Ms. Collins not negligent and Mr. Brescoach 100 percent negligent in causing Ms. Toothman's injury. The jury awarded Ms. Toothman all the medical expenses she sought, namely, $5,155.75 for her past medical expenses and $3,200 for her future medical expenses. The jury also awarded Ms. Toothman $1,600 for pain and suffering and $5,000 in punitive damages. After the jury verdict, Ms. Toothman, alleging the award for pain and suffering was inadequate, moved to set aside that portion of the verdict. The circuit court denied Ms. Toothman's motion for a new trial on the sole issue of damages, and then, Ms. Toothman appealed to this Court.

## II

### ASSIGNMENTS OF ERROR

#### A.

#### Motion for a New Jury Panel

■ Ms. Toothman's first assignment of error is that the circuit court erred in refusing to grant Ms. Toothman's motion for a new jury panel because the her jury had no females. Ms. Toothman does not challenge the procedure used by the circuit court in selecting the master panel for petit jury selection. Rather, Ms. Toothman alleges that when the primary jury panel was all male

with only one female as alternate, the circuit court should have added females to her panel. Mr. Brescoach argues Ms. Toothman is not entitled to a jury of any specific make-up; rather, she is entitled to have a jury selected from a fair cross section of the community. Mr. Brescoach points out that no allegation of impropriety concerning the selection process was made.

W.Va.Code 52–1–1 (1986) *et seq.* describes a selection process for petit juries so that "all persons selected for jury service [should] be selected *at random* from a fair cross section of the population of the area served by the court.... [Emphasis added.]" The assignment of jurors to jury panel must be "at random." W.Va.Code 52–1–9 (1986). *See* W.Va.Code 52–1–7(a) (1993) required each circuit to "provide by order rules relating to the *random* drawing by the clerk of panels from the jury wheel or jury box for juries in the circuit ... courts. [Emphasis added.]" It is also the stated policy of this State that "[a] citizen may not be excluded from jury service on account of race, color, religion, sex, national origin, economic status or being a qualified individual with a disability." W.Va.Code 52–1–2 (1992). The Code also provides a procedure which is "the exclusive means" for challenging the jury selection process. *See* W.Va.Code 52–1–15 (1993). In *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), the United States Supreme Court noted that "the policy of the United States [is] that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected *at random* from a fair cross section of the community in the district or division where in the court convenes." 419 U.S. at 529, 95 S.Ct. at 697, 42 L.Ed.2d at 697, *quoting* 28 U.S.C. § 1861 (the Federal Jury Selection and Service Act of 1968).

In this case, Ms. Toothman does not challenge the selection process for the jury in her case but does assign error for the result, an all male jury. In essence, Ms. Toothman asks this Court to find error in the circuit

court's refusal to discriminate on the basis of gender.[1]

Recently, the United State Supreme Court in *Miller v. Johnson*, 515 U.S. ——, 115 S.Ct. 2475, 132 L.Ed.2d 762 (1995) reiterated the basic principle of the Equal Protection Clause of the Fourteenth Amendment: "Racial and ethnic distinctions of any sort are inherently suspect and thus call for the most exacting judicial examination." 515 U.S. at ——, 115 S.Ct. at 2482, 132 L.Ed.2d at 771–72, *quoting, Regents of Univ. of California v. Bakke*, 438 U.S. 265, 291, 98 S.Ct. 2733, 2748, 57 L.Ed.2d 750, 771 (1978). Such distinctions are inherently suspect "regardless of 'the race of those burdened or benefited by a particular classification.' " 515 U.S. at ——, 115 S.Ct. at 2482, 132 L.Ed.2d at 772, *quoting, Richmond v. J.A. Croson Co.*, 488 U.S. 469, 494, 109 S.Ct. 706, 722, 102 L.Ed.2d 854, 882 (1989). Although *Miller v. Johnson* was concerned with racial classifications, these same principles apply to distinctions based on other immutable characteristics.

In this case, Ms. Toothman presents no rational explanation for her motion seeking females on her jury and no compelling state interest. At best, Ms. Toothman argues that females might have been more sympathetic to her medical problems and awarded her more money for pain and suffering. However, no one has a right to a jury of a particular mix of people; rather, all persons should have a equal opportunity to serve on the jury. We find the circuit court did not abuse its discretion in refusing to grant Ms. Toothman's motion to add female jurors. If the circuit court had granted the motion, it appears likely that such an action would have given rise to a valid equal protection claim by Mr. Brescoach.

## B.

### Inadequate Award for Pain and Suffering

[2] Ms. Toothman argues that the jury's award of $1,600 for pain and suffering is inadequate given her medical problem. Ms. Toothman notes that liability was not an issue because Mr. Brescoach pled guilty to driving under the influence. According to Ms. Toothman, her shoulder injury means; (1) she cannot lift her right arm above her shoulder; (2) she has significant pain when she tries to let her right arm hang at her side rather than holding her arm in an L shape across her waist; and, (3) normal use of her arm is impossible. Ms. Toothman notes that P. Kent Thrush, M.D., an orthopedist who examined her on behalf of Ms. Brescoach, documented the medical problems with her shoulder.

Mr. Brescoach notes that although Dr. Thrush diagnosed Ms. Toothman's problem as a frozen shoulder, Dr. Thrush indicated that Ms. Toothman had not followed the usual medical treatment of this condition. Dr. Thrush thought "with a reasonable degree of medical certainty her shoulder should have been manipulated. That's what I would have done." According to Dr. Thrush, shoulder manipulation is a procedure costing about $200, in which "we put the patient to sleep, it takes about five (5) minutes, and bring the shoulder to the point where its stops and it's physically restricted at that point and then with experience, we know how much pressure we can use, we force it up and you have to use enough pressure but not too much pressure." Dr. Thrush also testified that another option was "open surgery" of the shoulder, the cost of which he estimated to be $3,000. Ms. Toothman testified that she did not undergo either procedure and had no intention of doing so in the future. However, the jury awarded her $3,200 for future medical expenses, the estimated cost for both procedures. Ms. Toothman's treating orthopedic surgeon, Charles A. Lefebure, M.D., testified that although Ms. Toothman continued to have complaints of pain, Dr. Lefebure

---

1. Ms. Toothman makes no contention that the defendants intentionally discriminated on the basis of gender in the exercise of a peremptory challenge that might implicate an equal protection clause violation. *See J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. ——, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). Even though the contention was not made, we have reviewed the record to find the reason for challenging the female juror. The record indicates that the challenge for cause was based on neutral reasons, namely because the female juror had medical problems and had received treatment from one of the medical expects who also treated Ms. Toothman and might be called to testify.

"did not anticipate any permanent problems, based on my evaluation of her . . . [and] did not define any definite disabilities."

■ Ms. Toothman argues that the circuit court erred in failing to grant a new trial on the sole issue of damages. Because the circuit court "has broad discretion to determine whether or not a new trial should be granted," we review the circuit court's decision under an abuse of discretion standard. *In re: State of West Virginia Pub. Bldg. Asbestos Litig.*, 193 W.Va. 119, 124, 454 S.E.2d 413, 418 (1994) (establishing the standard of review in a case concerning a trial judge's decision to award a new trial).[2] Syl. pt. 3, of *In re: State of West Virginia Pub. Bldg. Asbestos Litig.*, states:

A motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure*, the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion.

■ In determining if the circuit court abused its discretion in refusing to award an new trial because of an allegedly inadequate damage award, we view the evidence concerning damages in favor of the defendant. In Syl. pt. 1, *Kaiser v. Hensley*, 173 W.Va. 548, 318 S.E.2d 598 (1983), we said:

In an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant.

*See* Syl. pt. 3, *Bressler v. Mull's Grocery Mart*, 194 W.Va. 618, 461 S.E.2d 124 (1995); Syl. pt. 2, *Linville v. Moss*, 189 W.Va. 570, 433 S.E.2d 281 (1993); Syl., *Freshwater v. Booth*, 160 W.Va. 156, 233 S.E.2d 312 (1977);[3] Syl. pt. 2, *Fullmer v. Swift Energy Co., Inc.*, 185 W.Va. 45, 404 S.E.2d 534 (1991) ("We will not find a jury verdict to be inadequate unless it is a sum so low that under the facts of the case reasonable men cannot differ about its inadequacy.")

"Courts are reluctant to set aside a jury's award of damages unless it is clearly shown that the award was inadequate." *Delong v. Kermit Lumber & Pressure Treating Co.*, 175 W.Va. 243, 246, 332 S.E.2d 256, 259 (1985). *See also Delong v. Albert*, 157 W.Va. 874, 205 S.E.2d 683 (1974).

When the evidence is viewed most strongly in favor of the defendant, Ms. Toothman appears to be suffering from a non-permanent injury for which there is additional treatment that Ms. Toothman rejected. The jury did award Ms. Toothman future medical expenses along with $1,600 for pain and suffering. Given the evidence and the jury's award, we find the circuit court did not abuse its discretion in refusing to award a new trial

---

**2.** *In re: State of West Virginia Pub. Bldg. Asbestos Litig.*, 193 W.Va. at 124–25, 454 S.E.2d at 418–19, we quoted syl. pts. 2 & 4, *Young v. Duffield*, 152 W.Va. 283, 162 S.E.2d 285 (1968), which state:

2. "It takes a stronger case in an appellate court to reverse a judgment awarding a new trial than one denying it and giving judgment against the party claiming to have been aggrieved." Point 1, Syllabus, *The Star Piano Co. v. Brockmeyer*, 78 W.Va. 780[, 90 S.E. 338 (1916)].

4. An appellate court is more disposed to affirm the action of a trial court in setting

aside a verdict and granting a new trial than when such action results in a final judgment denying a new trial.

**3.** While not relevant to the instant case, a *Freshwater v. Booth* type one case, we have recognized that *Freshwater* topologies two and three have substantially less viability following the advent of our adoption of the doctrine of comparative negligence. *See, e.g., In re: State of West Virginia Pub. Bldg. Asbestos Litig.*, 193 W.Va. at 131 n. 1, 454 S.E.2d at 425 n. 1 (1994) (citing *Linville v. Moss*, 189 W.Va. 570, 433 S.E.2d 281 (1993)).

on the sole issue of damages because the jury's award of damages is not inadequate when the evidence is viewed most strongly in favor of the defendant.

### C.

### Jury Instructions

■ Ms. Toothman's final assignment of error is that the circuit court erred in giving the jury instructions of both defendants. Ms. Toothman argues that in this case "the jury was instructed double what they normally would have been instructed concerning speculative damages." Ms. Toothman does not allege any particular error in the instructions; rather, she objects to duplication, which allegedly "place[d] an improper and heightened emphasis on their [defendants] theory of the case."

Mr. Brescoach argues that although the practice of giving duplicate jury instructions should be avoided, duplicity in instructions alone is not reversible error. Mr. Brescoach notes that Ms. Toothman elected to sue two defendants, both of whom have the right to submit instructions. The interests of these two defendants were distinguishable and, in several aspects, adverse to one another. None of the instructions submitted by the defendants was identical.[4]

■ Recently in *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995), we discussed the basic requirements for jury instructions, namely that they must be a correct statement of the law, supported by evidence, sufficient to instruct the jury on the issues and not misleading to the jury. We noted that we would not dissect a jury instruction on appeal, but would look to the entire instruction to determine its accuracy. Within this framework, the trial court has broad discretion and deference is given to the trial court concerning the specific wording. We review the precise extent and character of a specific instruction under an abuse of discretion standard. Syl. pt. 4, *State v. Guthrie,* states:

> A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not misled by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion.

Syl. pt. 6 of *Tennant v. Marion Health Care Foundation, Inc.,* 194 W.Va. 97, 459 S.E.2d 374 (1995), states:

> The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

Syl. pt. 7 of *Tennant v. Marion Health Care Foundation, Inc.,* states:

> " 'Instructions must be read as a whole, and if, when so read, it is apparent they could not have misled the jury, the verdict will not be disturbed, through [sic] one of said instructions which is not a binding instruction may have been susceptible of a doubtful construction while standing alone.' Syl. Pt. 3, *Lambert v. Great Atlantic & Pacific Tea Company,* 155 W.Va. 397, 184

---

4. Although Ms. Toothman's brief included her objections to the jury instructions, she failed to designate as part of the record, the portion of the trial concerning the jury instructions and the circuit court's charge to the jury. We obtained from the circuit court the submitted instructions and the judge's charge. Ms. Toothman objected to five paragraphs of the judge's twenty-one page charge to the jury because those five paragraphs were repetitious. Ms. Toothman did not object in circuit court to the giving of both sets of defendants' instructions and the charge was amended to reflect Ms. Toothman's objection concerning the standard of proof.

S.E.2d 118 (1971). Syllabus Point 2, *Roberts v. Stevens Clinic Hospital, Inc.,* 176 W.Va. 492, 345 S.E.2d 791 (1986). Syllabus Point 3, *Lenox v. McCauley,* 188 W.Va. 203, 423 S.E.2d 606 (1992). Syllabus Point 6, *Michael v. Sabado,* 192 W.Va. 585, 453 S.E.2d 419 (1994)."

*See* Syl. pt. 19, *Rodgers v. Rodgers,* 184 W.Va. 82, 399 S.E.2d 664 (1990) ("It is reversible error to give an instruction which tends to mislead and confuse the jury"); Syl. pt. 2, *Roberts v. Stevens Clinic Hospital, Inc.,* 176 W.Va. 492, 345 S.E.2d 791 (1986).

Ms. Toothman's assignment of error concerning the jury instructions is reviewed for an abuse of discretion. Given that Ms. Toothman sued two defendants whose interests were distinguishable, we find the circuit court did not abuse its discretion in giving each of the defendants' nonidentical instructions.

For the above stated reasons, the judgment of the Circuit Court of Marion County is affirmed.

Affirmed.