481 S.E.2d 189

**Paula Ann WITT, Plaintiff Below, Appellee**

v.

**Larry SLEETH and Barbara Sleeth Defendants Below, Appellees.**

**Rodney A. Sleeth, Defendant Below, Appellant.**

No. 23262.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 11, 1996.

Decided Dec. 13, 1996.

W. Gus Saines, McDermott, Bonenberger, McDermott & Galloway, Wheeling, for Appellant Rodney A. Sleeth.

Robert P. Fitzsimmons and Russell J. Guthrie, Fitzsimmons Law Offices, Wheeling, for Appellee Paula Ann Witt.

PER CURIAM:

This action is before this Court[1] upon an appeal from the final order of the Circuit Court of Ohio County, West Virginia, entered on June 9, 1995. The action concerns an automobile accident and resulting litigation instituted by the appellee, Paula Ann Witt, against the appellant, Rodney A. Sleeth, and his parents, Larry and Barbara Sleeth. Larry and Barbara Sleeth have been dismissed as parties and are not involved in this appeal. As reflected in the final order, although the jury returned a measure of damages for Ms. Witt concerning the accident, she was granted a new trial because the circuit court found that Mr. Sleeth's counsel had erroneously elicited testimony during the trial designed to suggest to the jury that Mr. Sleeth lacked sufficient wealth to pay a substantial jury award.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, this Court is of the opinion that the circuit court abused its discretion in granting a new trial. Accordingly, we reverse the final order and remand this action to the circuit court for reinstatement of the jury verdict.

I

On November 7, 1990, Ms. Witt was driving an automobile in the City of Wheeling, Ohio County, West Virginia, when an automobile driven by Mr. Sleeth exited an alley and suddenly appeared in front of Ms. Witt. The two automobiles collided, and Ms. Witt, in the smaller car, was injured. In view of those facts, which were undisputed, the circuit court directed a verdict in favor of Ms.

---

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

Witt as to liability, and the action proceeded to trial upon the issue of damages.

The evidence at trial consisted primarily of expert medical testimony concerning Ms. Witt's condition resulting from the accident. Although the parties agreed that Ms. Witt's injuries included a neck or "whiplash" injury sustained in the course of the accident, Ms. Witt's evidence indicated that the injuries she received were permanent, whereas the evidence of Mr. Sleeth indicated that the automobile collision was of minimal impact and that the injuries Ms. Witt received were nonpermanent. At the conclusion of the trial, the jury returned a verdict for Ms. Witt in the amount of $34,752.51, which, as the verdict form indicated, included amounts for special damages and for pain and suffering.[2]

Following the verdict, Ms. Witt filed a motion for a new trial. In the motion, she asserted that Mr. Sleeth's counsel had erroneously elicited testimony during the trial designed to suggest to the jury that Mr. Sleeth lacked sufficient wealth to pay a substantial jury award. The following trial testimony formed the basis of the motion:

Q. Mr. Sleeth, could you give the Court your full name, please.

A. Rodney Alan Sleeth.

Q. Mr. Sleeth, where do you currently reside?

A. 106 Edgington Lane, Wheeling, West Virginia.

Q. Who do you live with at that address?

A. My mother and father and two sisters.

Q. Do you have any brothers and sisters?

A. I have four sisters, two brothers.

Q. Did you attend Wheeling Park High?

A. Yes.

Q. You were a classmate of Paula Witt?

Mr. Fitzsimmons: Judge, at this time I am going to renew my motion and object on the basis that these questions are basically irrelevant.

The Court: Well, I will ask Mr. Saines to be brief.

By Mr. Saines:

Q. Where do you work, Mr. Sleeth.

A. I work at the Minute Market. It's a grocery store about a half a block from our house.

Q. Were you in college at the time of the accident?

A. I was a freshman at West Liberty, yes.

Q. And have you since graduated?

A. Yes, I did.

Upon a review of that testimony, the circuit court granted the motion for a new trial. As the final order of June 9, 1995, states: "Based upon the testimony of the defendant [Mr. Sleeth], it appears that there was an indirect method of obtaining information relating to the defendant's financial status by his employment which was irrelevant and inadmissible at the trial and which was properly objected to by plaintiff's counsel." This appeal followed.

II

Pursuant to Rule 59(a) of the *West Virginia Rules of Civil Procedure*, a new trial may be granted "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law." In *Tennant v. Marion Health Care Foundation*, 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995), this Court stated that "we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard." That statement in *Tennant* is, of course, derivative of syllabus point 3 of *In re State Public Building Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994), *cert. de-*

---

**2.** It should be noted that this action was, in reality, an underinsured motorist case wherein the underinsurance carrier litigated the claim at trial in the name of the tortfeasor, Mr. Sleeth. Accordingly, inasmuch as Ms. Witt had entered into an insurance settlement agreement for poli-

cy limits of $50,000, the jury award of $34,-752.51 resulted in no additional recovery for Ms. Witt. *See W. Va.Code*, 33–6–31 [1988]; *Postlethwait v. Boston Old Colony Insurance Co.*, 189 W.Va. 532, 432 S.E.2d 802 (1993).

*nied,* —— U.S. ——, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995), which holds:

A motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure,* the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion.

*See also* syl. pt. 1, *Toothman v. Brescoach,* 195 W.Va. 409, 465 S.E.2d 866 (1995); *Coleman v. Sopher,* 194 W.Va. 90, 96, 459 S.E.2d 367, 373 (1995); *Maynard v. Adkins,* 193 W.Va. 456, 459, 457 S.E.2d 133, 136 (1995).

■ In language comparable to the above holding in *Asbestos Litigation,* this Court observed in syllabus point 4 of *Young v. Duffield,* 152 W.Va. 283, 162 S.E.2d 285 (1968), *overruled on other grounds in Tennant, supra,* that "[a]n appellate court is more disposed to affirm the action of a trial court in setting aside a verdict and granting a new trial than when such action results in a final judgment denying a new trial." Nevertheless, as this Court acknowledged in *Maynard, supra,* "consistent with *Asbestos Litigation,* on the other hand, is the general principle that the judgment of a trial court in awarding a new trial should be reversed . . . if a consideration of the evidence shows that the case was a proper one for jury determination." 193 W.Va. at 459, 457 S.E.2d at 136. Accordingly, we also note syllabus point 4 of *Sanders v. Georgia–Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976), which holds:

Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the

trial court has acted under some misapprehension of the law or the evidence.

*See also Cline v. Joy Mfg. Co.,* 172 W.Va. 769, 774, 310 S.E.2d 835, 840–41 (1983).

Here, the appellant, Mr. Sleeth, contends that the verdict of the jury was consistent with the evidence and that the granting of a new trial constituted an abuse of discretion. In particular, Mr. Sleeth asserts that the testimony set forth above was merely elicited to provide background information to the jury. Moreover, Mr. Sleeth asserts that, although the circuit court found that the testimony was irrelevant as to the issue of Ms. Witt's damages, the circuit court failed to make any finding that the admission of that testimony actually prejudiced Ms. Witt's case.

The appellee, Ms. Witt, on the other hand, contends that the circuit court acted within its discretion in granting the new trial because the testimony in question did, in fact, suggest to the jury that Mr. Sleeth lacked sufficient wealth to pay a substantial jury award. In that regard, Ms. Witt cites *Wheeler v. Murphy,* 192 W.Va. 325, 452 S.E.2d 416 (1994), which was relied upon by the circuit court. The *Wheeler* case indicates that, although evidence of a defendant's lack of wealth may be relevant and admissible to rebut a claim of punitive damages, such evidence is usually inadmissible in an action, such as this one, which does not involve punitive damages.

■ Here, the testimony set forth above constituted the sole basis for the granting of a new trial. The matters set forth therein, concerning Mr. Sleeth's residence and employment, were not mentioned again during the trial and were not raised in closing argument. Specifically, no references to insurance or to amounts regarding Mr. Sleeth's salary or financial worth were ever made before the jury. Moreover, testimony comparable to that set forth above was elicited from other witnesses at trial. At the conclusion of the trial, the circuit court instructed the jury that its award was not to be influenced by "sympathy or prejudice" in favor of, or against, either party. Accordingly, upon a careful review of the record, this Court is of the opinion that, although the testimony may

have tangentially reflected upon Mr. Sleeth's financial status, Mr. Sleeth is correct in his assertion that the testimony constituted nothing more than background information for consideration by the jury.

As this Court stated in *Kaiser v. Hensley*, 173 W.Va. 548, 550, 318 S.E.2d 598, 600 (1983): "It is a common practice for trial attorneys to introduce a client to the jury, and elicit from the client his or her age, address, family situation and employment. We do not condemn this practice." *See also* 1 F.D. Cleckley, *Handbook on Evidence for West Virginia Lawyers* § 4–2(C) (3rd ed.1994); W.E. Shipley, Annotation, *Counsel's Appeal in Civil Case to Wealth or Poverty of Litigants as Ground for Mistrial, New Trial, or Reversal,* 32 A.L.R.2d 9 (1953).

■ Finally, as an examination of the record makes clear, Mr. Sleeth is also correct in his assertion that the circuit court failed to make a finding that the admission of the testimony in question prejudiced Ms. Witt's case. Generally, an error at trial which has not been found to be prejudicial cannot form the basis for granting a new trial under Rule 59.[3] Here, the circuit court focused upon the relevancy of Mr. Sleeth's testimony, and did not specifically address the issue of the possible prejudicial impact of the testimony upon the jury. In *Lagoni v. Holiday Inn Midway,* 262 Ill.App.3d 1020, 1033, 200 Ill. Dec. 283, 292, 635 N.E.2d 622, 631 (1994), the Appellate Court of Illinois stated: "Not every reference to a party's proprietary interest or occupation which touches on the party's financial status constitutes reversible error. . . . The reference must be reasonably understood to refer to the financial status of the parties and must also be so harmful and prejudicial that it resulted in an improper verdict."

For the above reasons, therefore, the circuit court abused its discretion in granting Ms. Witt a new trial. Consequently, the final order of the Circuit Court of Ohio County, entered on June 9, 1995, is reversed, and this action is remanded to that court for reinstatement of the jury verdict.

Reversed and remanded.

RECHT, J., sitting by temporary assignment.

---

3. In Lugar & Silverstein, *West Virginia Rules of Civil Procedure* p. 449 (Michie 1960), the following comments concerning Rule 59 appear:

Even though error has occurred, the Rules recognize that new trials should not be granted for non-prejudicial error. Rule 61 provides that no error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial, unless refusal to grant the new trial appears to the court inconsistent with substantial justice.
*See also McDougal v. McCammon,* 193 W.Va. 229, 237, 455 S.E.2d 788, 796 (1995).