578 S.E.2d 391

**Michael E. HEITZ, Plaintiff
Below, Appellant**

v.

**William E. CLOVIS, II, and Clovis Motor
Co., a corporation, Defendants
Below, Appellees.**

No. 30684.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 21, 2003.

Decided Feb. 28, 2003.

Andrew C. Woofter, III, Parkersburg, for the Appellant.

Timothy L. Sweeney, St. Marys, for the Appellees.

PER CURIAM.

This action is before this Court upon the appeal of the appellant and plaintiff below, Michael E. Heitz, from the October 11, 2001, order of the Circuit Court of Wood County denying his motion for a new trial. The appellant brought the action to recover a 5% commission allegedly owed to him by the appellees and defendants below, William E. Clovis, II, and Clovis Motor Co., for the appellant's services in providing them with a purchaser for the appellees' corporate assets.

The action was tried without a jury in March 2001 during which the Circuit Court entered judgment in favor of the appellees as a matter of law. The judgment was based upon the Circuit Court's conclusion that, inasmuch as the purchaser and the appellees had discussed the sale of the corporate assets prior to appellant Heitz's involvement in the matter, the appellant failed to establish a *prima facie* case for recovery of the commission.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, this Court concludes that the Circuit Court committed error in entering judgment in favor of the appellees and in denying appellant Heitz's motion for a new trial. Specifically, this Court is of the opinion that, since it is undisputed that appellant Heitz's Commission Agreement with the appellees was unambiguous, the Circuit Court erred in adding a new requirement to the Agreement that the identity of the purchaser located by the appellant be unknown to the appellees. Moreover, this Court is of the opinion that the evidence submitted at trial indicates that the actions of Heitz, rather than the prior discussion between the purchaser and the appellees, constituted the true catalyst in the sale of the corporate assets. Therefore, appellant Heitz established a *prima facie* case of entitlement to the commission, and a new trial is warranted.

I.

The facts are largely undisputed. Appellant Heitz was in the business of obtaining financing for various commercial transactions and commonly worked with entities experiencing financial difficulties. One such entity was Clovis Motor Co. which owned a Ford and Lincoln–Mercury automobile dealership in St. Marys, West Virginia. Heitz was contacted by appellee William E. Clovis, II, to secure refinancing for the corporation. When it became clear that refinancing was not possible, Clovis asked Heitz to find a purchaser for the corporate assets.

The parties signed a Commission Agreement dated April 1, 1998, pursuant to which appellant Heitz would receive a 5% commission for locating a purchaser for the appellees. The Agreement, in effect for two years, stated in relevant part:

Heitz represents certain third parties interested in purchasing certain Clovis property. Heitz will provide Clovis with a list of the names of these interested third

parties. * * * It is specifically understood and agreed to that Clovis will pay Heitz a 5% (five percent) fee of the gross proceeds from this sale for his services.

The Agreement did not contain a provision to the effect that, in order to receive the commission, Heitz had to provide potential purchasers who were previously unknown to the appellees. Nor did the Agreement exclude any particular purchasers by name.

Following the signing of the Commission Agreement, appellant Heitz, through his agent Steve Koreski, contacted an individual by the name of Sherman "Brett" Dils, IV, and brought Dils together with the appellees. Thereafter, Koreski, Dils and William E. Clovis, II, met on numerous occasions until, in early 1999, Dils purchased the appellees' corporate assets. Dils allegedly paid $455,000 for the assets, 5% of which is $22,750.

The appellees, however, refused to pay Heitz the commission. Their refusal was based upon the fact that, approximately five months prior to the signing of the Commission Agreement, Dils and William E. Clovis, II, had discussed the possible purchase by Dils of Clovis Motor Co.'s assets. Therefore, according to the appellees, Heitz had not earned the commission because the name he supplied, i.e., Sherman "Brett" Dils, IV, was previously known to the appellees. Appellant Heitz argued, on the other hand, that neither he nor his agent, Steve Koreski, had any knowledge of the prior discussion between Dils and Clovis. Nor did the prior discussion between Dils and Clovis result in any specific understanding or commitment concerning the sale of the corporate assets.

In July 1999, appellant Heitz instituted a breach of contract action in the Circuit Court of Wood County against the appellees. The appellant alleged that the appellees violated the Commission Agreement by refusing to pay him the $22,750 commission.

Thereafter, the Circuit Court determined that the question of whether the Commission Agreement was ambiguous or unambiguous was a question of law for the Court to decide, rather than a question of fact. *See, Berkeley County Public Service District v. Vitro Corporation*, 152 W.Va. 252, 267, 162 S.E.2d 189, 200 (1968), stating that the question of whether a contract is ambiguous is a question of law to be determined by the court. Accordingly, the Circuit Court considered the language of the Commission Agreement and concluded that the Agreement was unambiguous. In so ruling, the Circuit Court cited this Court's opinion in *Fraternal Order of Police v. Fairmont*, 196 W.Va. 97, 468 S.E.2d 712 (1996), footnote 8 of which states that, where the meaning of a contract is apparently clear, the use of extrinsic evidence to further explain its terms should be narrowly limited. 196 W.Va. at 103, 468 S.E.2d at 718. Importantly, neither appellant Heitz nor the appellees have challenged the conclusion of the Circuit Court that the Commission Agreement was unambiguous.

On March 28, 2001, a non-jury trial was conducted by the Circuit Court. Appellant Heitz testified during his case-in-chief and also called agent Steve Koreski and Sherman "Brett" Dils, IV, as witnesses. The appellant's evidence set forth: (1) the April 1, 1998, Commission Agreement, (2) the appellant's bringing of Dils together with the appellees to negotiate a sale, (3) the subsequent meetings of Koreski, Dils and William E. Clovis, II, and (4) the ultimate purchase by Dils of the appellees' corporate assets in 1999.

Upon the resting of the appellant's case, the appellees moved for judgment as a matter of law. The appellees asserted that, inasmuch as the appellant's evidence included an admission by Dils that he and the appellees had discussed a possible sale of the corporate assets approximately five months prior to the existence of the Commission Agreement, the appellant failed to establish a *prima facie* case of entitlement to the commission. Notwithstanding appellant Heitz's denial of any knowledge of that discussion, the Circuit Court granted the motion and entered judgment in favor of the appellees.

The ruling of the Circuit Court was set forth in an order entered on August 20, 2001, which contained findings of fact and conclusions of law. *See, W.Va. R. Civ. P.* 52 which requires findings of fact and conclusions of law in non-jury trials. As the order stated in part:

The defendants did not breach their contract with the plaintiff in the instant case because the defendants were aware of the identity of the prospective purchaser, who ultimately became the purchaser of certain of the corporate defendant's assets, prior to the plaintiff's involvement with the defendants, notwithstanding the fact that the plaintiff was unaware that the prospective and ultimate purchaser had already contacted the defendants approximately five months prior to the plaintiff's involvement with the defendants.

Thereafter, appellant Heitz filed a motion for a new trial. *W.Va. R. Civ. P.* 59(a). The Circuit Court denied that motion pursuant to an order entered on October 11, 2001.

## II.

■ The standard of review concerning appeals to this Court from non-jury trials, or bench trials, is set forth in syllabus point 1 of *Public Citizen, Inc. v. First National Bank*, 198 W.Va. 329, 480 S.E.2d 538 (1996):

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. pt. 1, *Robertson v. B A Mullican Lumber & Manufacturing Company*, 208 W.Va. 1, 537 S.E.2d 317 (2000); syl. pt. 1, *Cadle Company v. Citizens National Bank*, 200 W.Va. 515, 490 S.E.2d 334 (1997).

■ Moreover, with regard to the granting or denying of a new trial by a circuit court, this Court held in syllabus point 4 of *Sanders v. Georgia–Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976):

Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.

Syl. pt. 1, *Rohrbaugh v. Wal–Mart Stores*, 212 W.Va. 358, 572 S.E.2d 881 (2002); syl. pt. 1, *Lively v. Rufus*, 207 W.Va. 436, 533 S.E.2d 662 (2000); syl. pt. 1, *Brooks v. Harris*, 201 W.Va. 184, 495 S.E.2d 555 (1997); syl. pt. 2, *Witt v. Sleeth*, 198 W.Va. 398, 481 S.E.2d 189 (1996).

## III.

■ As stated above, neither appellant Heitz nor the appellees have challenged the Circuit Court's conclusion that the Commission Agreement was unambiguous. In that regard, the appellees argue that the Circuit Court's interpretation of the Agreement, i.e., that the identity of potential purchasers located by the appellant be unknown to the appellees, did not constitute a material alteration of the Agreement's terms. Nevertheless, the Commission Agreement contained no provision to the effect that Heitz had to provide purchasers who were previously unknown to the appellees. Nor did the Agreement exclude from its operation any particular purchasers, such as Sherman "Brett" Dils, IV, by name. Instead, the Agreement simply stated that appellant Heitz was entitled to the 5% commission if he provided to the appellees a third-party purchaser who would buy the corporate assets of Clovis Motor Co.

The appellant's evidence submitted at trial indicates that, after the signing of the Commission Agreement, appellant's agent, Steve Koreski, contacted Dils and brought him together with the appellees. Koreski, Dils and William E. Clovis, II, then met several times until Dils ultimately purchased the corporate assets.

■ Therefore, given the Circuit Court's ruling that the Commission Agreement was unambiguous, and in view of the above evidence of the appellant, this Court is of the opinion that the Circuit Court committed error in adding a requirement to the Agreement that the identity of the purchaser located by appellant Heitz be unknown to the appellees. Such a conclusion by the Circuit Court resulted in an improper, material alteration of an otherwise clear Commission Agreement. As this Court held in syllabus point 3 of *Cotiga Development Company v.*

*United Fuel Gas Company,* 147 W.Va. 484, 128 S.E.2d 626 (1962): "It is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them." Syl. pt. 4, *Dawson v. Norfolk and Western Railway Co.,* 197 W.Va. 10, 475 S.E.2d 10 (1996); syl. pt. 4, *Raines v. White,* 195 W.Va. 266, 465 S.E.2d 266 (1995); syl. pt. 2, *Bennett v. Dove,* 166 W.Va. 772, 277 S.E.2d 617 (1981).

In any event, even if the Commission Agreement were ambiguous, the evidence submitted by appellant Heitz supports a *prima facie* case for recovery of the commission. According to Heitz, neither he nor his agent, Steve Koreski, had any knowledge of the prior discussion between Dils and William E. Clovis, II. Nor did the prior discussion between Dils and Clovis result in any specific understanding or commitment concerning the sale of the corporate assets. As Dils testified at trial:

Q. After you initially contacted Mr. Clovis in this four to five month window, I guess I will call it, did you ever have any further dealings with Mr. Clovis ?

A. No.

Q. After Mr. Koreski contacted you, did you then start dealing with Mr. Clovis again ?

A. Yes.

\* \* \*

Q. Was anything ever agreed upon as a result of your initial contact with Mr. Clovis with respect to the purchase of the business ?

A. No.

As far back as 1883 this Court, in *Reynolds v. Tompkins,* 23 W.Va. 229 (1883), recognized that an owner of property "will not be permitted to take advantage of the negotiations made with the purchaser by the agent, and then escape the liability to pay him the stipulated commission." 23 W.Va. at 235.

IV.

The evidence of appellant Heitz at trial indicates that he, through his agent Steve Koreski, brought Dils together with the appellees to negotiate a sale of the corporate assets of Clovis Motor Co. Thereafter, Koreski worked with Dils and the appellees until the sale was accomplished. Neither Heitz nor Koreski were aware of the prior discussion, preliminary at best, between Dils and William E. Clovis, II. The Commission Agreement was unambiguous and did not state that the purchaser located by Heitz be unknown to the appellees. Accordingly, appellant Heitz established a *prima facie* case for entitlement to the 5% commission, and his motion for a new trial should have been granted.

Upon all of the above, the October 11, 2001, order of the Circuit Court of Wood County is reversed, and this action is remanded to that Court for proceedings consistent with this opinion.

Reversed and remanded.