441 F.2d 1302
 BOSTON SECURITIES, INC., a Corporation, Appellee,
v.
UNITED BONDING INSURANCE COMPANY, a Corporation, Appellant,
and Bruce L. Yates, an Individual.
BOSTON SECURITIES, INC., a Corporation, United Bonding
Insurance Company, a Corporation, Appellee,
v.
Bruce L. YATES, an Individual, Appellant.
 Nos. 20241, 20248.
 United States Court of Appeals, Eighth Circuit.
 May 10, 1971.
 
 Francis L. Kenney, Jr., St. Louis, Mo., for United Bonding Ins. Co.
 Alan E. Popkin, Rosecan & Popkin, St. Louis, Mo., for Boston Securities, Inc.
 Before VAN OOSTERHOUT, GIBSON and LAY, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 This is a suit on a fidelity bond. Plaintiff Boston Securities, Inc., which is in the business of making small loans, recovered against its bonding company a judgment for $17,700.45 with interest at 6 percent per annum from March 8, 1967.[1] 309 F.Supp. 1270 (E.D.Mo.1970). We affirm the judgment of the district court.
 
 
 2
 Recovery was based on $13,913.99 for bad loans on which plaintiff's employee, Bruce L. Yates, an office manager, acted contrary to the best interest of Boston Securities by falsifying credit applications to improve the apparent financial condition of several applicants. Plaintiff was awarded an additional sum in the amount of $3,200 representing a 'finder's fee' profit, or kickback, which Yates received by referring potential customers of Boston Securities to other lending agencies; also included in plaintiff's damages was $586.46 represent fraudulent excess payments by Yates to one of his employees.
 
 
 3
 The bonding company attacks the overall recovery for lack of sufficient evidence. One of the primary complaints arises from defendant's objection to a work summary of bad risk loans made by Yates, marked as Exhibit 75, on which the recovery of $13,913.99 is based. Defendant's objection at trial and on appeal is that there was a lack of foundation laid to admit the exhibit into evidence. The exhibit was prepared by the manager of the Legal Accounts Department of Boston Securities. It consists of two pieces of paper, one typewritten and the other handwritten. The exhibit reflects the name of the borrower, the account number, the amount loaned, and the net loss on each account. Plaintiff's additional evidence shows that these accounts involved forgeries and falsified information by Yates. All the account cards on which Exhibit 75 is based were individually offered into evidence. Plaintiff's checks were in court and available for the defendant to cross examine. Cf. Solari Furs v. United States, 436 F.2d 683 (8 Cir. 1971). Summaries of accounting or detailed records have long been approved for evidential use before juries or trial judges. Peter Kiewit Sons' Co. v. Summit Constr. Co., 422 F.2d 242 (8 Cir. 1969). Exhibits which may facilitate understanding of complex factual issues are to be encouraged for court room use. With effective utilization of modern pre-trial procedures, foundational problems should seldom waste the time of judge or jury in the court room. We find no error here. There existed a proper foundation for the exhibit. In addition, we find that the evidence as to the dishonest conduct of the employee Yates stands virtually uncontradicted on the record and amply supports the judgment here .[2] See General Finance Corp. v. Fidelity & Casualty Co., 439 F.2d 981 (8 Cir. 1971); London & Lancashire Ins. Co. v. Peoples Nat. Bank & Trust Co., 59 F.2d 149 (7 Cir. 1932).
 
 
 4
 Defendant complains that the trial court should not have allowed recovery for the finder's fees pocketed by Yates from other lending institutions. Such conduct constitutes a 'dishonest or fraudulent act' within the terms of the bond. Eagle Indemnity Co. v. Cheery, 182 F.2d 298 (5 Cir. 1950). An employee is required at all times to act in his employer's best interests. When by culpable conduct he fails to do so and a loss occurs, liability may arise under a fidelity bond. Here Yates' conduct in accepting outside fees for activity relating to his employment was inimical to the best interests of his employer. In referring potential or even rejected customers of Boston Securities to other institutions for a personal profit of which the company was unaware, and which was contrary to the practices of the industry, Yates created a malfeasant conflict of interest from which the employer suffered.
 
 
 5
 The evidence further shows that Yates paid another employee, Sansone, excessive sums for performing miscellaneous services. Yates forged Sansone's endorsement to many of the checks and maintained no records to account for the services. At Yates' suggestion, Sansone used aliases to which several of the checks were issued. The trial judge deducted from the total paid to Sansone ($5,386.46) the amount paid by the company to a succeeding employee ($400 per month or an annual total of $4,800), thereby assessing the excess of salary to be the measure of loss, i.e. $586.46. Complaint is made that the defendant's bond was not effective until October 1, 1965, and that $3,874.65 of the amount paid to Sansone occurred prior to that date. Thus, the defendant urges that judgment should be somewhat less under the trial court's formula. We view the trial court's analysis to be merely suggestive of a measure of damages. Records were maintained by neither Yates nor Sansone (who maintained that his records had been taken by a burglar). There exists clear proof of wrongdoing. Under the circumstances we apply the rule that once a loss has been established with reasonable certainty it is unnecessary that the amount be proved with mathematical accuracy. Arthur Murray, Inc. v. Reserve Plan, Inc., 406 F.2d 1138, 1146 (8 Cir. 1969). The amount awarded is reasonable under the circumstances. Cf. General Ins. Co. of Am. v. Hercules Constr. Co., 385 F.2d 13 (8 Cir. 1967).
 
 
 6
 Judgment affirmed.
 
 
 
 [1]
 This date is fixed by the the trial court as three months after plaintiff furnished the defendant its proof of loss
 
 
 [2]
 Defendant raises several other technical objections relating to the trial court's insufficient finding of fact, rulings on interrogatories and admissibility of certain evidence. We have examined each of these complaints and find no prejudicial error