MIDCONTINENT BROADCASTING COMPANY, a corporation, Appellant,

v.

NORTH CENTRAL AIRLINES, INC., Appellee.

No. 72–1307.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1972.

Decided Jan. 17, 1973.

Harding A. Orren, Minneapolis, Minn., for appellant.

Roger T. Sahr, Minneapolis, Minn., for appellee.

Before GIBSON and LAY, Circuit Judges, and DURFEE, United States Court of Claims Judge.

LAY, Circuit Judge.

Midcontinent Broadcasting Company sought damages against North Central Airlines when the latter's aircraft struck and destroyed a 2,000 foot television tower from which plaintiff was broadcasting. North Central admitted liability and stipulated to the amount of damages to Midcontinent Broadcasting's equipment and to the incidental expenses. The sole issue at trial was the amount of profits Midcontinent allegedly lost due to the accident. The jury returned a verdict in favor of Midcontinent in the sum of $500,000. However, the trial court granted North Central's motion for judgment n. o. v. and, in the alternative, sustained its motion for a new trial. Midcontinent appeals from this judgment. We reverse the grant of the judgment n. o. v. and remand in accordance with the trial court's ruling granting a new trial.

From 1956 until August of 1967, plaintiff's television station KELO had telecast from a 1,000 foot tower. Signals were telecast from the new 2,000 foot tower from August 1967 until June 24, 1968, when defendant's airplane struck the new tower and caused its collapse. After four days off the air, Midcontinent began broadcasting from the older 1,000 foot tower. This continued for some eleven months until the 2,000 foot tower was rebuilt and returned to service in May of 1969.

At trial, the plaintiff relied almost exclusively on the testimony of an expert witness, Martin Goldberg, to prove the existence and extent of any lost profits. During the trial North Central objected to the admission of Goldberg's testimony on the ground that the plaintiff had not established an adequate factual foundation for the expert opinion. The trial court ruled that the testimony was admissible. However, in its ruling granting the judgment n. o. v. following the

verdict, the trial court reversed itself and held that Goldberg's testimony should have been excluded for lack of foundation. Moreover, the court ruled that the plaintiff had not produced the best available evidence, namely its books and records, to corroborate its accountant's testimony that lost revenue and lost profit were equivalent.

The trial court, upon reviewing the record in the absence of Goldberg's expert testimony and the best available evidence, concluded that the record contained insufficient evidence as a matter of law to sustain the verdict. Accordingly, the motion for judgment n. o. v. was granted. We find this ruling to be error.

It is readily apparent that the fundamental reason in finding insufficient evidence to support a judgment n. o. v. relates to the trial court's holding that it erred in its admission of certain evidence. This ground is "not appropriate" in connection with the motion for judgment n. o. v., rather it is a proper consideration in granting the motion for new trial. See Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 249, 251, 61 S. Ct. 189, 85 L.Ed. 147 (1940); 6A Moore, Federal Practice § 59.08 [2] at 3777 (2d ed. 1972). Although the trial court found insufficient evidence to sustain the verdict, it did so only after excluding plaintiff's expert testimony which had been presented to the jury. This was error. In ruling on the sufficiency of evidence the trial court must take the record as presented to the jury and cannot enter judgment on a record altered by the elimination of incompetent evidence. We find appropriate the language of the Supreme Court of New Mexico in Townsend v. United States Rubber Co., 74 N.M. 206, 392 P.2d 404, 406–407 (1964), where a similar ruling was made. The court observed:

"A motion for judgment notwithstanding the verdict, like a motion for a directed verdict, does not raise questions relating to the competency or admissibility of evidence. Therefore, in

considering a motion for judgment notwithstanding the verdict, the evidence must be taken as it existed at the close of the trial, and evidence admitted over objection cannot be excluded nor can evidence be included which was improperly rejected. Whether competent or incompetent, all evidence submitted to the jury must be considered by the court in ruling on a motion for judgment notwithstanding the verdict, and such a judgment cannot be entered on a diminished record after the elimination of incompetent evidence. The proper remedy for disposing of evidence erroneously admitted during the course of the trial is a new trial where motion therefor has been made. . . .

" . . . If, after the return of the verdict, the court had been of the opinion that it was based upon incompetent testimony erroneously admitted during the course of the trial, the court had no alternative but to grant a new trial rather than the motion for judgment notwithstanding the verdict."

The subsequent ruling, after the verdict, that the expert opinion was not admissible after it had been originally received and considered by the jury, placed plaintiff in a relative position of unfair reliance. If plaintiff had been forewarned during the trial that such testimony was not admissible it conceivably could have supplied further foundation or even totally different evidence. Under these circumstances the grant of the judgment n. o. v. was not a proper remedy.

The additional ground on which the trial court issued the judgment n. o. v. was that the plaintiff should have produced its books and records to support its contention that lost revenue and lost profit were the same.

Plaintiff's accountant, one Goldfarb, testified that there was little difference in operating expenses between the two towers and that lost revenue was a valid estimate of lost profit. The trial court subsequently reasoned that the plaintiff should have also produced the actual records to support this testimony.

After noting that ordinarily the best available evidence rule affects only the weight of the secondary evidence offered and does not justify a judgment n. o. v., the trial court concluded that two additional considerations justified using the best available evidence rule as a ground for granting judgment n. o. v. These two considerations were (1) that proof of lost revenue equaling lost profits went to the "heart" of plaintiff's case for damages and did not merely pertain to a collateral issue; and (2) the fact that plaintiff was directed by the court to produce the books and records (or at least the profit and loss statements) and plaintiff failed to do so. The best evidence rule is designed to insure proper proof of all *direct* as well as collateral claims. And as was noted earlier, the proper remedy to correct any evidentiary error (regardless of whether it involves direct or collateral issues) is a new trial. In fact, for a new trial to be granted the evidentiary error must have been prejudicial and this necessarily implies that failure in proof which "goes to the very heart" of the case will be involved.

In Sylvania Electric Products, Inc. v. Flanagan, 352 F.2d 1005, 1008 (1 Cir. 1965), the court found that the best available evidence had not been produced. The court observed:

"The best evidence rule should not be applied as a mere technicality. But where the missing original writing in dispute are the very foundation of the claim, which is the situation in this case, more strictness in proof is required than where the writings are only involved collaterally. See 32A C. J.S. Evidence § 842 and cases cited thereunder."

However, in order to cure this defect, the court ordered a *new trial.*

In regard to the second consideration, namely that the plaintiff did not produce the books and records, the gen-

eral rule is that an expert witness, such as an accountant, may testify to and summarily state the net result of having examined voluminous books and records. However, as a condition to this most courts require that the mass of records "be placed at hand in court, or at least be made accessible to the opposing party, in order that the correctness of the evidence may be tested by inspection if desired, or that the material for cross-examination may be available." IV Wigmore on Evidence § 1230 at 434–435 (3d ed. 1940). See Boston Securities, Inc. v. United Bonding Insurance Co., 441 F.2d 1302 (8 Cir. 1971); Solari Furs v. United States, 436 F.2d 683 (8 Cir. 1971).[1]

■ However, even assuming Midcontinent failed to conform to the best available evidence rule, such failure is purely evidentiary in nature and its legal effect is only appropriate when a motion for a new trial, not a judgment n. o. v., is under consideration. See Montgomery Ward & Co. v. Duncan, supra; compare Harrison v. Prather, 435 F.2d 1168, 1175 (5 Cir. 1970), cert. denied, 404 U.S. 829, 92 S.Ct. 67, 30 L.Ed. 2d 58 (1971).

■ Plaintiff urges on appeal that the trial court's original ruling on the evidence was correct and that it was error to later grant the motion for new trial. We have held on many occasions that it is peculiarly within the competence of the trial court to grant a new trial when it relates to rulings at trial such as instructions, the admissibility of evidence, excessive damages, etc.

In the instant case we find the trial court did not abuse its discretion in granting a new trial. In doing so we do not necessarily place a stamp of imprimatur on the trial court's evidential rulings, nor on the other hand do we accept plaintiff's evaluation of the evidence. We simply do not and need not reach these questions. We only hold that the trial court did not abuse its discretion in granting a new trial. Counsel has asked this court to rule on the admissibility of such testimony in view of the necessity for a new trial. However, to do so would be meaningless since we cannot say that plaintiff will again present its case in the same way or with the same testimony. Our ruling would be basically hypothetical.[2]

In its proof of damages, plaintiff has walked on thin ice once and prudence may well dictate presenting additional proof. However, we do not intend to imply this is necessarily required. That question is not before us.

We simply find the trial judge used improper standards in granting the judgment n. o. v. and that the judgment should be set aside and the case remanded for the new trial as ordered.

---

1. The record shows that the defendant's CPA was given complete access to all the plaintiff's books and records. This fact is further substantiated in defendant's brief where it states "[a] review of plaintiff's books and records of account established . . . ." Brief for Defendant-Appellee at 5.

2. A ruling regarding the admissibility of expert testimony should involve not only the specific fact situation but also the role of expert testimony as a functional part of the law of evidence. On retrial, guidelines relating to the admissibility of expert testimony can be found in prior cases. See, e. g., Twin City Plaza, Inc. v. Central Surety & Insurance Corp., 409 F.2d 1195 (8 Cir. 1969); Roth v. Bird, 239 F.2d 257, 262 (5 Cir. 1956); cf. Eastman Kodak Company of New York v. Southern Photo Materials Co., 273 U.S. 359, 378–379, 47 S.Ct. 400, 71 L.Ed. 684 (1927).