488 S.E.2d 467

David MORRISON, Sr. and Linda
Sue Morrison, Plaintiffs
Below, Appellees,

v.

Indu SHARMA, Defendant
Below, Appellant.

No. 23571.

Supreme Court of Appeals of .
West Virginia.

Submitted Jan. 28, 1997.

Decided June 2, 1997.

Edward M. Kowal, Jr., Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, for Appellant.

Charles W. Ellis, Kenneth H. Fisher, L.C., Huntington, for Appellees.

PER CURIAM:

The appellant, Indu Sharma, appeals the December 20, 1995 order of the Circuit Court of Cabell County which granted the appellees' motion for a new trial. The appellees, the defendants below, are David Morrison, Sr. and Linda Sue Morrison. For reasons explained in this opinion, we affirm the December 20, 1995 order of the circuit court.

I

This action arose after the parties were involved in an accident on July 6, 1988, in which the appellant was driving a car which rear-ended a car driven by appellee, Linda Sue Morrison (hereinafter "Mrs. Morrison"), in which appellee, David Morrison, Sr. (hereinafter "Mr. Morrison"), was a passenger. The appellees filed suit for damages against the appellant on January 25, 1989. More specifically, Mr. Morrison sought damages for a neck injury at the C5–6, C6–7 level, and Mrs. Morrison sought damages for a "stoved" right shoulder.

Pre-trial discovery revealed that Mr. Morrison had been involved in two prior car accidents in Kentucky in 1980 and in 1982 in which he injured his neck. Dr. Edward D. Leslie, an orthopedic surgeon from Frankfort, Kentucky, treated Mr. Morrison from April 14, 1981 until March 2, 1983, for the injuries he sustained in the two prior car accidents.

In this case, the appellant's counsel took Dr. Leslie's deposition in which he testified, *inter alia,* that radiographic studies performed during the time period he treated Mr. Morrison revealed that Mr. Morrison had ossification at the C6–7 level of his neck and mild degenerative lipping [1] of the vertebral bodies at the C5–6 level and C6–7 level of his neck.

Because Dr. Panos Ignatiadis, Mr. Morrison's treating physician, testified at trial that Mr. Morrison's neck injury was related to the 1988 accident, the appellant's counsel introduced Dr. Leslie's deposition into evidence in order to show that Mr. Morrison's neck problems existed prior to the 1988 accident. The trial judge allowed the deposition to be read in its entirety to the jury, with the exception of portions from two pages. Furthermore, the trial judge ruled that the appellees' counsel could not object to any portion of the deposition being read at trial because the appellees' counsel failed to make any objections when the deposition was being taken.

On September 2, 1993, the jury returned a verdict in favor of Mr. Morrison in the amount of $8,095.00 and in favor of Mrs. Morrison in the amount of $282.00. In his November 17, 1993 judgment order, the trial court also awarded interest on the appellees' damage award.

On December 20, 1995, the trial judge concluded that he erred by not allowing the appellees to make objections to portions of Dr. Leslie's testimony as it was being read to the jury and, thus, granted the appellees' motion for a new trial:

> The Court, having given careful consideration to the argument of counsel as well as the memorandum filed on behalf of the parties, is of the opinion to set aside the jury verdict and to award the plaintiffs [the appellees] a new trial due to the fact that the Court erred in allowing the discovery deposition of Dr. Edward Leslie to be read to the jury while refusing to allow plaintiffs' [appellees'] counsel to make objections prior to the reading of Dr. Leslie's deposition.

---

1. "Lipping" is defined in *The Sloane–Dorland Annotated Medical–Legal Dictionary* 418 (1987) as "the development of a bony overgrowth in osteoarthritis."

The appellant agrees that the trial judge erred in "allowing the discovery deposition of Dr. Edward Leslie to be read to the jury while refusing to allow ... [appellees'] counsel to make objections prior to the reading of Dr. Leslie's deposition." In fact, the appellant states that pursuant to *W. Va. R. Civ. P.* 32(b)[2] the appellees' counsel had a right to make objections to the deposition prior to it being read at trial.[3]

However, the appellant maintains that this error is harmless and, thus, does not warrant the granting of a new trial. Furthermore, the appellant maintains that because Dr. Leslie's testimony had nothing to do with Mrs. Morrison's injuries, her jury award should not have been vacated.

## II

The issue before this Court is whether the trial judge's error of not allowing the appellees' counsel to make objections to the testimony of Dr. Leslie was harmless pursuant to *W.Va.R.Civ.P.* 61 and as such does not warrant the granting of a new trial.

We have made clear that a trial judge's decision to grant a new trial pursuant to *W.Va.R.Civ.P.* 59 is not subject to appellate review unless the trial judge abuses his or her discretion:

> A motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure*, the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion.

Syl. pt. 3, *In re State Public Building Asbestos Litigation,* 193 W.Va. 119, 454 S.E.2d 413 (1994), *cert. denied, W.R. Grace & Co. v. West Virginia,* 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995). *See also* syl. pt. 1, *Toothman v. Brescoach,* 195 W.Va. 409, 465 S.E.2d 866 (1995) and syl. pt. 2, *Tennant v. Marion Health Care Foundation, Inc.,* 194 W.Va. 97, 459 S.E.2d 374 (1995).

As we explained in *In re State Public Building Asbestos Litigation,* a trial judge should rarely grant a new trial. *Id.* at 124, 454 S.E.2d at 418. Indeed, a new trial should not be granted " 'unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done[.]' " *Id.* (*quoting* 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2803 at 32–33 (footnotes omitted)). As noted by the appellant, Rule 61 of the *West Virginia Rules of Civil Procedure* makes clear that

> [n]o error in either the admission or exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial ... unless refusal to take such action appears to the court inconsistent with substantial justice. *The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.*

(emphasis added). *See Maynard v. Adkins,* 193 W.Va. 456, 457 S.E.2d 133 (1995) (This Court, citing to *W. Va. R. Civ. P.* 61, reversed a trial judge's order granting a new trial).

---

**2.** *W. Va. R. Civ. P.* 32(b) states:

> *Objections to admissibility.*—Subject to the provisions of Rule 28(b) [regarding depositions taken in foreign countries] and subdivision (d)(3) [regarding objections to the competency of a witness] of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of

the evidence if the witness were then present and testifying.

**3.** Because the appellant agrees that it was error for the trial judge to refuse to allow the appellees' counsel to make objections prior to the reading of Dr. Leslie's deposition, we need not address in depth the requirements of *W.Va. R.Civ.P.* 32(b).

However, we also explained in *In re State Public Building Asbestos Litigation* that because " '[t]he trial judge was on the spot[,] . . . [he or she] is better able than an appellate court to decide whether the error affected the substantial rights of the parties.' " *Id.* at 125, 454 S.E.2d at 419 (*quoting* 11 Wright & Miller, *supra* at § 2818 at 119–20). Thus, unless the trial judge abuses his or her discretion, this Court will not disturb a trial judge's decision to grant a new trial on the basis that his or her error affected the substantial rights of the parties.

■ In the case before us, the appellees in their "Motion for a New Trial" filed in the circuit court below listed eleven objections which they would have raised had the trial judge allowed them to object to Dr. Leslie's testimony when it was read into evidence at trial. All of the appellees' objections concerned the admissibility of evidence.

The appellant maintains on appeal that none of the objections have merit. Thus, the appellant concludes that the trial judge's error of not allowing the appellees to make these objections at trial did not affect the substantial rights of the parties and, therefore, does not warrant the granting of a new trial.

■ After reviewing the record we have before us, we do not agree with the appellant. In general, "[t]he West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court." Syl. pt. 1,

in relevant part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995). *See also* syl. pt. 3, *Barlow v. Hester Industries, Inc.*, 198 W.Va. 118, 479 S.E.2d 628 (1996); syl. pt. 1, *Voelker v. Frederick Business Properties Co.*, 195 W.Va. 246, 465 S.E.2d 246 (1995); syl. pt. 2, *State v. Perolis*, 183 W.Va. 686, 398 S.E.2d 512 (1990). Moreover, we have held that "[t]he admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong." Syl. pt. 6, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700, *cert. denied*, 502 U.S. 908, 112 S.Ct. 301, 116 L.Ed.2d 244 (1991). *See also* syl. pt. 4, *Stone v. United Engineering, a Division of Wean, Inc.*, 197 W.Va. 347, 475 S.E.2d 439 (1996); syl. pt. 1, *Mayhorn v. Logan Medical Foundation*, 193 W.Va. 42, 454 S.E.2d 87 (1994).

Thus, it was in the sound discretion of the trial judge in the case before us to determine whether certain portions of Dr. Leslie's testimony should have been admissible in the first instance. While this Court has a transcript of Dr. Leslie's testimony, we do not have a transcript of the trial and, therefore, do not know how other witnesses' testimonies or other events occurring during the trial may have affected the admissibility of portions of Dr. Leslie's testimony.[4] The trial judge heard all of the testimony and saw all of the witnesses in the trial below. He is in a better position to determine whether any of the appellees' objections should be sustained than is this Court.

4. Moreover, the trial judge did not explain in detail how his error of not allowing the appellees to object to Dr. Leslie's testimony as it was read to the jury affected the result in this case. Indeed, the trial judge did not explain whether the verdict was "based on false evidence or [would] result in a miscarriage of justice[.]" Syl. pt. 3, in part, *In re State Public Building Asbestos Litigation*, *supra*. We have recently emphasized that trial judges must make appropriate findings to support their rulings. *See State v. Canady*, 194 W.Va. 431, 440, 460 S.E.2d 677, 686 (1995) ("Our message over the past year has been clear that judges should give reasons for judicial rulings that are not obviously correct or plainly within the scope of a judge's untrammeled discretion over managerial and other ministerial

details of a judge's work."); *McDougal*, 193 W.Va. at 238, 455 S.E.2d at 797 ("The discretion that is normally given to a trial court's evidentiary decisions does not apply where 'the trial court makes no findings or applies the wrong legal standard[.]' ") (*quoting State v. Farley*, 192 W.Va. 247, 253, 452 S.E.2d 50, 56 (1994)). The lack of explanation from the trial judge regarding the effect on the outcome of the trial as a result of refusing to allow objections by the appellees' counsel and the lack of a trial transcript on appeal makes this Court's review of the trial judge's ruling difficult. However, in light of the fact that Dr. Leslie's deposition appears to provide critical testimony, this Court cannot conclude that the trial judge abused his discretion when granting a new trial.

In a case similar to the one now before this Court, the plaintiff argued on appeal "that the trial court's original ruling on the evidence was correct and that it was error to later grant the motion for new trial." *Midcontinent Broadcasting Co. v. North Central Airlines, Inc.*, 471 F.2d 357, 360 (8th Cir. 1973). The United States Court of Appeals of the Eighth Circuit noted "that it is peculiarly within the competence of the trial court to grant a new trial when it relates to rulings at trial such as . . . the admissibility of evidence[.]" *Id.* The Court of Appeals went on to state that

> [i]n the instant case we find the trial court did not abuse its discretion in granting a new trial. In doing so we do not necessarily place a stamp of imprimatur on the trial court's evidential rulings, nor on the other hand do we accept plaintiff's evaluation of the evidence. We simply do not and need not reach these questions. We only hold that the trial court did not abuse its discretion in granting a new trial. Counsel has asked this court to rule on the admissibility of such testimony in view of the necessity for a new trial. However, to do so would be meaningless since we cannot say that plaintiff will again present its case in the same way or with the same testimony. Our ruling would be basically hypothetical.

*Id.* (footnote omitted).

In the case before us, Dr. Leslie's testimony was important because it concerned whether Mr. Morrison's neck injury was caused by one of the prior car accidents rather than by the 1988 car accident as asserted by the appellees. Given the importance of this testimony, we cannot say based on the record before us that the trial judge abused his discretion when determining that a new trial should be granted because Mr. Morrison was not allowed to object to any portion of Dr. Leslie's testimony before it was read to the jury.

As noted previously, the appellant asserts that Mrs. Morrison's jury award should not be vacated because Dr. Leslie's testimony had nothing to do with her injuries. The appellant noted that Mrs. Morrison was awarded $282.00 for her medical bills and for loss of consortium. While we question how Dr. Leslie's testimony would affect Mrs. Morrison's award for her medical bills since Dr. Leslie never even mentioned Mrs. Morrison during his testimony, his testimony could affect her loss of consortium award. This Court has no idea as to how much of the $282.00 awarded to Mrs. Morrison was for loss of consortium and how much was for other damages. In that Mrs. Morrison requested damages for loss of consortium in the complaint, clearly the trial judge did not abuse his discretion in determining that Dr. Leslie's testimony also affected her jury award.

Accordingly, because we cannot conclude that the trial judge abused his discretion in granting a new trial, we affirm the December 20, 1995 order of the Circuit Court of Cabell County.

Affirmed.