# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Richard C. Moore, individually and in his capacity as Executor of the Estate of Ruth Ann Moore, Plaintiff Below, Petitioner**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-0288** (Harrison County 09-C-236)

**Allstate Insurance Company, a foreign corporation, Kenneth Whitt, and Joe Freme, Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Richard C. Moore, individually and in his capacity as Executor of the Estate of Ruth Ann Moore, by counsel Daniel C. Cooper and Jamison H. Cooper, appeals the order of the Circuit Court of Harrison County, entered January 23, 2012, denying his motion for a new trial. Respondents Allstate Insurance Company, Kenneth Whitt, and Joe Freme, by counsel Brent Kesner, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and his wife, Ruth Ann Moore, now deceased, filed an insurance claim following a house fire that occurred on January 17, 2009, in Bridgeport, West Virginia. At the time of the fire, the home was occupied by petitioner's son, Carl Moore. Respondent Allstate Insurance Company (Allstate) assigned Respondent Ken Whitt as the adjuster to process the claim for loss of personal property and contents. Allstate assigned Respondent Joe Freme as the adjuster to process the claim for the structure. The home was not habitable and temporary housing arrangements were made. Allstate sent a letter to Mr. and Mrs. Moore explaining the policy's additional living expense coverage. The applicable coverage limit of the homeowners' policy was $119,000. The central focus of this dispute was whether the home could be repaired within the coverage limits.

Adjuster Freme viewed the premises on February 2, 2009, and several times thereafter. On February 23, 2009, Freme advised petitioner that his initial estimate showed it would take $48,261 to repair the damage to the home. On March 11, 2009, Freme and Allstate claim manager Roy Delph met with Carl Moore, petitioner's counsel, and the Moores' contractor at the

1

property. At that time, the HVAC and electrical systems had not been tested because no temporary electrical power was operational at the home.

On April 1, 2009, petitioner submitted repair estimates of $107,773 from building contractors City Window, and $165,972 from Shields Contracting, to respondents.

On April 24, 2009, petitioner received respondents' revised estimate of $50,275 to repair the home. In reply, petitioner informed respondents that if they could find someone to do the repair work for that amount, then they should go ahead and repair the home. Petitioner referenced the policy language that Allstate had the option to repair, rebuild, or replace or to pay for the same. Respondents asserted that they had no legal right to contract with anyone to complete the work because they did not own the property. Respondents instructed contractor Chuck Heinlein to forward his contract to petitioner. The contract stated that petitioner would be personally responsible for any and all deductibles, depreciation, or any costs not covered by insurance, and that petitioner would be responsible for any amounts the insurer refused to pay. After reviewing this language, petitioner did not feel comfortable entering into the contract.

Allstate made a written demand for an appraisal on May 1, 2009, pursuant to the policy which provides, in part:

> If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.

After receiving no response, Allstate sent a follow-up letter on May 22, 2009, in which it selected an appraiser. Petitioner responded on May 26, 2009, advising that he refused to proceed with an appraisal of the loss.

Mr. and Mrs. Moore filed a complaint against respondents on May 22, 2009, alleging breach of contract, bad faith, and unfair trade practice act violations.

Thereafter, petitioner decided to demolish the home and place a modular home on the property. The home was demolished July 1, 2009. At no time prior to the demolition of the property did petitioner advise respondents of his intent to destroy the home. Petitioner testified he was motivated to make this decision because he knew there was a limit to the amount of temporary living expenses that would be paid by the insurance company. Petitioner also wanted his wife to spend her last days knowing that the family had a home. Mrs. Moore passed away on August 25, 2009.

On July 31, 2009, Allstate announced that it was terminating petitioner's extra living expense reimbursements effective September 30, 2009. Allstate had issued payments for additional living expenses of $20,332 and unscheduled personal property of $32,766. Allstate

paid petitioner $50,275, its final home repair estimate, on September 15, 2009.

The case went to jury trial beginning on May 17, 2011. On May 27, 2011, the jury returned a verdict in favor of respondents on all counts. Following the entry of the judgment order, petitioner filed a motion for a new trial. By order entered January 23, 2012, the circuit court denied petitioner's motion. Petitioner appeals from this order and requests this Court remand the case for a new trial.

This Court's standard for appellate review of a circuit court's ruling on a motion for a new trial is set forth in Syllabus Point 3 of *In re State of West Virginia Public Building Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994):

> A motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure*, the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion.

Moreover, a new trial should be granted only where it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done. *Morrison v. Sharma*, 200 W.Va. 192, 194, 488 S.E.2d 467, 469 (1997). With these standards in mind, we proceed to determine whether the circuit court committed error in denying petitioner's motion for a new trial.

In challenging the circuit court's ruling, petitioner sets forth several assignments of error, including his contention that two jury instructions were improper. The first contested instruction, regarding the issue of spoliation, stated as follows:

> You are instructed that a party who reasonably anticipates or is engaged in litigation has an affirmative duty to preserve relevant evidence. You are further instructed that when a party fails to preserve relevant evidence that should properly be part of his case, the jury may but is not required to infer that the destroyed evidence would have been unfavorable to the offending party that destroyed the evidence.

> In this case, you have heard testimony that Plaintiff caused the residence which is the subject of this action to be demolished in July of 2009, without the knowledge or consent of Allstate Insurance Company and, certain evidence relating to Plaintiff's claims was destroyed making the evidence unavailable for purposes of this case. Accordingly, you may but are not required to infer that said evidence, if it had remained available, would have been unfavorable to the Plaintiff's case.

3

Petitioner's handwritten objection on the bottom of the instruction indicated that it was "not supported by the evidence" and "misstates the law." In this appeal, petitioner asserts that the spoliation instruction was unfairly prejudicial because the structure, which had sat for seven months in the snow, wind, and rain, was not evidence that was essential to respondents' defense of the claims.

The second contested instruction, regarding non-participation in the appraisal process, stated as follows: "The Court instructs the jury that if you find that either party failed to engage in the appraisal process pursuant to the terms of the insurance policy, then you may find that party breached the insurance contract."

Petitioner's handwritten objection on the bottom of this instruction indicated that it "misstates the law and is not supported by the evidence in this case." In this appeal, petitioner asserts that the policy provision regarding the appraisal process was inapplicable because respondents failed to select an appraiser within twenty days of the demand, as required. Instead, respondents selected an appraiser one day outside that time frame.[1]

Reviewing the adequacy of the jury charge in the context of the entire trial, this Court is unconvinced that the use of the above jury instructions was so prejudicial that granting a new trial was merited. We note that,

> The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

Syl. Pt. 6, *Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995). Furthermore, the adequacy of the jury charge must be made in the context of the entire trial. *Id.* 194 W.Va. at 116, 459 S.E.2d at 393.

Upon our review of the record, this Court finds that the instructions, given as a whole, were adequate and fair to both parties. With regard to the spoliation instruction, we find that the circuit court acted within its discretion by instructing the jury that they could, but were not required to, infer that the home, had it not been demolished, would have been unfavorable to petitioner's position concerning the cost of repair. At the time the home was demolished, a few issues remained unknown regarding the cost of repair, such as the electrical system. The jury may or may not have found that detail meaningful in this case. Likewise, we find that the circuit court acted within its discretion by instructing the jury that they could determine if either party breached the terms of the contract. Thus, we find no reversible error in regard to the jury charge.

---

[1]We find no merit in petitioner's argument that the appraisal provision was inapplicable because the parties did not "fail to agree on the amount of loss." The parties clearly disputed whether the home could be repaired within the coverage limits.

4

This Court also finds that the remaining assignments of error are without merit. Petitioner contends that the circuit court erred in allowing the testimony of respondents' claims handling expert, J. Rudy Martin, a lawyer practicing with the law firm of Jackson Kelly PLLC. This argument merits little discussion. As the record reflects, Mr. Martin is an attorney who has extensive experience in the insurance industry with substantial knowledge of claims handling practices. We therefore find that the circuit court properly exercised its discretion in allowing this testimony. *See* Syl. Pt. 5, *Gentry v. Mangum*, 195 W.Va. 512, 466 S.E.2d 171 (1995).

We also find no merit in petitioner's argument that the circuit court erred in bifurcating the punitive damages aspect of the case. This Court declines to disturb the circuit court's broad discretion and authority to manage and control its proceedings. *See generally, Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. at 107, 459 S.E.2d at 384 (1995).

For the foregoing reasons, the decision of the Circuit Court of Harrison County is affirmed.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II