# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Donald L. Smith and Douglas O. Smith,
**Defendants Below, Petitioners**

vs)  No. 17-0107 (Jackson County 14-C-103)

Dannie L. Smith and Doran R. Smith,
**Plaintiffs Below, Respondents**

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

The parties in this appeal are four brothers. Petitioners Donald L. Smith and Douglas O. Smith, by counsel Robert R. Waters and Steven M. Wright, appeal the December 29, 2016, order of the Circuit Court of Jackson County denying their motion for a new trial after a jury found for respondents on their claims of undue influence, intentional interference with expectancy, and conversion regarding distribution of their mother's assets. Respondents Dannie L. Smith and Doran R. Smith, by counsel Joshua S. Rogers and Haley S. Hillen, filed a response. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

The parties are the adult sons of Freda Wylene Smith ("decedent"), who died in 2014 at the age of 93. The litigation between the two sets of brothers that led to the instant appeal concerned the transfer of the decedent's assets prior to and upon her death. Doran R. Smith and Dannie L. Smith, plaintiffs below and respondents herein ("plaintiffs"), filed suit against Donald L. Smith and Douglas O. Smith, defendants below and petitioners herein ("defendants"), alleging that defendants exerted undue influence and manipulated the decedent into giving defendants a vast majority of her assets.

The decedent suffered from various ailments and relied on her husband for her care. After her husband died, the decedent was partially dependent on defendants for her needs. Defendants lived near the decedent; plaintiffs lived out of state. Prior to her declining health, the decedent had titled her assets so that her sons would share equally in their distribution upon her death. During her later years, however, the decedent changed the titling of the majority of her assets so that they would pass to defendants. Believing that their mother had been manipulated, plaintiffs

1

filed suit in which they claimed that defendants had a confidential or fiduciary relationship with decedent; that defendants exerted undue influence over the decedent; that defendants interfered with their expectancy; and that defendants converted assets for their own use. Plaintiffs also requested punitive damages.

The matter proceeded to a three-day jury trial in September of 2015.[1] The circuit court utilized the verdict form submitted by plaintiffs, with only minor modifications. Section I.A. of the verdict form related to Plaintiffs' claim of undue influence/constructive fraud. Following initial deliberations, the jury returned its verdict on Section I.A. as follows:

1.      Do you find that the Plaintiffs have proven that one or both of the Defendants had a confidential or fiduciary relationship with Freda Wylene Smith?

        Yes  ____X_____                       No_____

If your answer to Question 1 is "no," please proceed to Question 4 below. If your answer is "yes," please proceed to Question 2.

2.      Do you find that the Plaintiffs have proven that one or both of the Defendants used his confidential or fiduciary relationship with Freda Wylene Smith to obtain financial or other benefits from Mrs. Smith's estate planning?

        Yes ____X____                          No_____

If your answer to Question 2 is "no," please proceed to Question 4 below. If your answer is "yes," please proceed to Question 3.

3.      If your answers to Questions 1 and 2 above were "yes," do you find that the Defendants have met their burden of proving that they did not exercise undue influence over Freda Wylene Smith to change her overall estate plan, including bank accounts?

        Yes ____X____                          No _____

If your answer to Question 3 is "no," you should find in favor of the Plaintiffs on the issue of undue influence. Please proceed to Section B below and skip the

---

[1] Presumably, because this appeal does not hinge on the sufficiency of the evidence, neither brief contains a detailed account of the trial evidence. In fact, the appendix submitted by defendants contains nothing more than the circuit court's judgment order. Plaintiffs, thereafter, supplemented the appendix with portions of the transcript, among other documents.

remaining questions in this Section A. If your answer to Question 3 is "yes," please proceed to Question 4.[2]

4.    Do you find that the Plaintiffs have proven that one or both of the Defendants exerted undue influence over Freda Wylene Smith to change her overall estate plan, including bank accounts?

Yes ____X____          No _____

If your answer to Question 4 is "yes," you should find in favor of the Plaintiffs on the issue of undue influence, and please proceed to Question 5 below. If your answer to Question 4 is "no," please proceed to Question 5 below.

5.    Do you find that the Defendant, Douglas O. Smith, exerted undue influence over Freda Wylene Smith in the execution of the deed dated January 17, 2013, conveying certain mineral rights owned by Freda Wylene Smith to Douglas O. Smith and his spouse, Patricia A. Smith?

Yes ___X____          No _____

The jury then completed Sections I.B. and I.C. of the verdict form, which related to plaintiffs' claims of tortious interference with expectancy and conversion, respectively. The jury found for plaintiffs on both of these claims. Under the next section of the verdict form, entitled "Section II. Verdict," the jury found in favor of plaintiffs on each of their three claims. As for damages, the jury awarded plaintiffs collectively $169,000 in compensatory damages and collectively $150,000 in punitive damages.

After the jury returned the verdict form, the circuit court conferred with counsel regarding the jury's answer to Question 3, as it was inconsistent with the jury's other findings and ultimate verdict. After conferring with counsel, the circuit court sent the jury back into deliberation to answer the following special interrogatory:

Do you find that the Defendants have met their burden of proving that they did not exercise undue influence over Freda Wylene Smith to change her overall estate plan, including bank accounts?

The jury returned the verdict form after marking "no." The jury then allocated damages equally among the two defendants and unanimously confirmed their verdict. The circuit court memorialized the verdict by Judgment Order entered on February 19, 2016.

Defendants moved for a new trial under Rule 59 of the West Virginia Rules of Civil Procedure arguing, among other claims, that the verdict form was confusing and that the circuit

---

[2] On the original handwritten verdict form, which is included in plaintiffs' supplemental appendix, the jury initially marked "no," then crossed it out and marked "yes."

court's special interrogatory was improper. The circuit court denied defendant's motion by order entered on December 29, 2016. In relevant part, the court found that

> although the jury was arguably confused as to how to proceed through sections of the verdict form, it was not error to use the verdict form as proposed by the Plaintiffs, particularly in light of the fact that Defendants did not offer an alternative verdict form for the Court's consideration. Moreover, any error in the verdict form was harmless error, as it was clear the jury intended to find for the Plaintiffs and award Plaintiffs both compensatory and punitive damages.

Defendants now appeal to this Court.

**Discussion**

With respect to a motion for a new trial, this Court has held that

> [a] motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure,* the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion." Syl. pt. 3, *In re State Public Building Asbestos Litigation,* 193 W.Va. 119, 454 S.E.2d 413 (1994), *cert. denied, W.R. Grace & Co. v. West Virginia,* 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995).

Syl., *Morrison v. Sharma*, 200 W. Va. 192, 488 S.E.2d 467 (1997). Furthermore, under Rule 61 of the West Virginia Rules of Civil Procedure,

> [n]o error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial . . . unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

With these standards in mind, we turn to defendants' arguments on appeal. They raise two assignments of error, the first of which they present as follows:

> The circuit court erred in adopting jury instructions for the trial that are internally inconsistent such that they are adverse to West Virginia law in that the instructions directed the jury to make determinations of damages even if the jury

finds that the defendants have met their burden in proving that did not exert undue influence over the decedent.

Initially, we are compelled to note, as plaintiffs do, that defendants incorrectly frame the issue as one of instructional error. It is not. The record reflects that the parties submitted proposed jury instructions, the content of which accurately instructed the jury on the applicable law. The only objection raised by defendants related to the instructions involved the circuit court's judgment as a matter of law regarding one of the decedent's checking accounts, which is not at issue in this appeal. Rather, this case involves a review of the circuit court's handling of a mistake on a verdict form, which is governed by an abuse of discretion standard. We have held that

> "[g]enerally, this Court will apply an abuse of discretion standard when reviewing a trial court's decision regarding a verdict form." Syl. pt. 4, *Perrine v. E.I. du Pont de Nemours & Co.,* 225 W.Va. 482, 694 S.E.2d 815 (2010). Likewise, "[a]s a general rule, a trial court has considerable discretion in determining whether to give special verdicts and interrogatories to a jury unless it is mandated to do so by statute." Syl. pt. 8, *Barefoot v. Sundale Nursing Home,* 193 W.Va. 475, 457 S.E.2d 152 (1995).

*Manor Care, Inc. v. Douglas*, 234 W. Va. 57, 67, 763 S.E.2d 73, 83 (2014).

The verdict form in the present case was perhaps more complex than a typical verdict form because it reflected the potential shift in the burden of proof because of the nature of plaintiffs' claims. *See* Syl., *Kanawha Valley Bank v. Friend*, 162 W. Va. 925, 253 S.E.2d 528 (1979)("A presumption of constructive fraud may arise in connection with joint bank accounts with survivorship, if the parties to the joint account occupy a fiduciary or confidential relationship. This presumption requires the person who benefits from the creation of the account to bear the burden of proving that the funds were, in fact, a Bona fide gift."). As plaintiffs correctly note, there is no complaint about the order of the questions or the questions themselves on the verdict form; rather, the issue is the direction to the jury that followed Question 3 in Section I.A.

Defendants argue that the verdict form requires a new trial because it inevitably led to an adverse verdict. However, we do not agree that a new trial is warranted. First, the error on the form only related to one of plaintiffs' claims, and the jury still could have found in favor of defendants on Question 4 if it desired to do so. Second, the jury's answers to every other question on the verdict form clearly evidence its intent to find in favor of plaintiffs on all of their claims, rendering any possible error harmless. And, third, despite being instructed to do so, defendants failed to submit a proposed verdict form of their own, and lodged no objection to the plaintiffs' proposed form at the time it was offered. The parties did not notice the mistake on the form until after the jury returned its initial verdict; so, defendants should not be heard to complain now on appeal. *See* Syl. Pt. 1, *Maples v. W. Virginia Dep't of Commerce, Div. of Parks & Recreation*, 197 W. Va. 318, 475 S.E.2d 410 (1996)("A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal.").

5

In their second assignment of error, defendants challenge the circuit court's decision to send the jury back into deliberation to answer the single interrogatory. The parties generally agree that, after the jury's initial deliberation, it was clear that the jury made inconsistent findings; they appeared to find that defendants met their burden of proving no undue influence existed, but still awarded plaintiff damages on that claim. However, defendants contend that instructing the jury to answer only one question clearly communicated to the jury that they needed to change their answer to that question. Defendants argue that the circuit court should have declared a mistrial instead.

Rule 49(b) of the West Virginia Rules of Civil Procedure provides as follows:

(b) General verdict accompanied by answer to interrogatories. - The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers. When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict or may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers and verdict or may order a new trial.

Additionally, the circuit court has "considerable discretion" in determining whether to give special interrogatories to the jury. *See* Syl. Pt. 8, *Barefoot v. Sundale Nursing Home,* 193 W. Va. 475, 457 S.E.2d 152 (1995).

Upon our review, we find no abuse of discretion in the present case. First, the conversation with counsel regarding the inconsistent verdict took place outside of the jury's presence, so we believe it unlikely that the circuit court somehow swayed the jury to change its answer. The jury appears to have become confused by the error in the verdict form, as evidenced by the fact that their answers to every other question on the verdict form, and their award of damages, clearly indicated their intention to find in favor of plaintiffs. There is nothing about being presented with only one question that would have swayed the jury to change its answer. The jury was free to answer the question any way it chose. It chose to answer it in a way that was consistent with its overall verdict. Accordingly, we find no abuse of discretion and no basis upon which the circuit court should have declared a mistrial.

For the foregoing reasons, we affirm the Circuit Court of Jackson County's December 29, 2016, order denying defendants' motion for a new trial.

Affirmed.

**ISSUED:**  January 5, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

7